# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Kevin Theis, | |
|                         Plaintiff, | |
| vs. | Case No. 07 C 4786 |
| | Judge Gottschall |
| James D. Montgomery & Associates Ltd., | Magistrate Judge Cole |
| James D. Montgomery & Associates | |
| 401(k) Plan, James D. Montgomery & | **JURY TRIAL DEMANDED** |
| Associates Profit Sharing Plan, Pauline | |
| Montgomery, and Cochran, Cherry, | |
| Givens, Smith & Montgomery, P.C., | |
|                         Defendants. | |

## Defendants' Answer to Complaint

Defendants, James D. Montgomery & Associates Ltd., James D. Montgomery & Associates 401(k) Plan and Profit Sharing Plan (incorrectly identified in the Complaint as the James D. Montgomery & Associates 401(k) Plan and the James D. Montgomery & Associates Profit Sharing Plan), Pauline Montgomery and Cochran, Cherry, Givens, Smith & Montgomery, LLC., by and through their attorneys, Pugh, Jones, Johnson and Quandt, P.C., answer Plaintiff's Complaint as follows:

### Introduction

1. This is an action arising under the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001, *et seq.* ("ERISA"), to recover benefits due to Mr. Theis under an employee benefit plan, to recover for the bad faith failure to provide plan documents to Mr. Theis, to recover for the harm done to Mr. Theis when he was discharged for exercising his rights under ERISA, and to recover Mr. Theis' costs and attorneys' fees as provided by ERISA.

**Answer:** Defendants admit that Plaintiff purports to bring this action under ERISA, but Defendants deny that Mr. Theis has been denied any benefit due him under

an employee benefit plan, that Defendants failed to provide plan documents to Mr. Theis, that Mr. Theis was discharged for exercising his rights under ERISA, or that Mr. Theis is entitled to recover any attorneys fees or costs in this action.

## PARTIES

2. Plaintiff Kevin Theis is a resident of this district. Mr. Theis was simultaneously an employee of both James D. Montgomery & Associates, Ltd. ("the Montgomery Firm") and of Cochran, Cherry, Givens, Smith & Montgomery, P.C. ("the Cochran Firm"). On information and belief, Mr. Theis was and is a participant in either the James D. Montgomery & Associates 401(k) Plan or the James D. Montgomery & Associates Profit Sharing Plan (collectively hereinafter "The Plans"), or in both of them. Mr. Theis is a participant under ERISA as that term is defined in 29 U.S.C. §1002, and has standing to bring this action under section 502(a) of ERISA, 29 U.S.C. §1132(a).

**Answer:** Defendants admit that Theis is a resident of this district and that he was an employee of the Montgomery Firm. Defendants admit that Theis was and is a participant in the James D. Montgomery & Associates Profit Sharing and 401(k) Plan and as such Plaintiff is a "participant" under ERISA. Defendants deny the remaining allegations of paragraph 2.

3. Defendant James D. Montgomery & Associates 401(k) Plan and Defendant James D. Montgomery & Associates Profit Sharing Plan (collectively hereinafter "The Plans") are employee pension benefit plans as that term is defined in 29 U.S.C. §1002.

**Answer:** Defendants admit that the James D. Montgomery & Associates Profit Sharing and 401(k) Plan is an employee pension benefit plan under ERISA and such Plaintiff is a "participant" under ERISA. Defendants deny the remaining allegations of paragraph 3.

4. Defendant James D. Montgomery & Associates, Ltd., at all times relevant hereto, was and is a corporation organized under the laws of the State of Illinois. At all times relevant hereto, the Montgomery Firm was and is the "plan sponsor" of the Plans as that term is defined in 29 U.S.C. §1002(16), and a "fiduciary" of the Plans as that term is defined in 29 U.S.C §1002(21).

**Answer:** Defendants admit that the Montgomery Firm is an Illinois corporation and is the plan sponsor of the James D. Montgomery & Associates Profit Sharing and 401(k) Plan. The remaining allegations of paragraph 4 state conclusions of law to which no response is required.

5. Defendant Pauline Montgomery ("Pauline") is a resident of this district. Pauline was and is an employee of James D. Montgomery & Associates Ltd. Pauline is also the Administrator of the Plans as that term is defined in 29 U.S.C. §1002(16), and a "fiduciary" of the Plans as that term is defined in 29 U.S.C §1002(21).

**Answer:** Defendants admit that Pauline Montgomery ("Mrs. Montgomery") is a resident of the district, an employee of the Montgomery Firm and the Administrator of the James D. Montgomery & Associates Profit Sharing and 401(k) Plan. The remaining allegations of paragraph 5 state conclusions of law to which no response is required.

6. Defendant Cochran, Cherry, Givens, Smith and Montgomery, P.C. is a professional corporation, whose website indicated that it is "located in Chicago, Illinois, [and] is the product of a merger between James D. Montgomery & Associates and the Cochran Law Firm."
http://www.jamesdmontgomery.com/CM/Custom/TOCFirmOverview.asp.

**Answer:** Defendants admit the allegations of paragraph 6, except the name of the firm is Cochran, Cherry, Givens, Smith and Montgomery, LLC.

**JURISDICTION AND VENUE**

7. This action arises under the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. §§1001-1461 ("ERISA") and federal common law created and existing pursuant to ERISA.

**Answer:** The allegations of paragraph 7 state a legal conclusion to which no response is required.

8. Jurisdiction over this action is based upon 29 U.S.C. §1132(e)(1) without regard to the amount in controversy ort he citizenship of the parties, and 28 U.S.C. §1331 (federal question jurisdiction). The rights of the participants under the Plan, including Mr. Theis, are subject to civil enforcement pursuant to ERISA.

**Answer:** The allegations of paragraph 8 state a legal conclusion to which no response is required.

9. Venue is proper in this Court pursuant 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1332(e)(2) because the Plans are administered in the Northern District of Illinois, the breaches of fiduciary duty took place in the Northern District of Illinois, and all of the Defendants reside or are physically located in the Northern District of Illinois.

**Answer:** Defendants admit the allegations of paragraph 9.

## STATEMENT OF CLAIM

10. At some point prior to May 1, 2004, the Montgomery Firm established and administered the Plans for the benefit of their employees including, but not limited to, Mr. Theis.

**Answer:** Defendants admit that sometime prior to May 1, 2004, the Montgomery Firm established and administered the James D. Montgomery & Associates Profit Sharing and 401(k) Plan for the benefit of their employees, including Mr. Theis. Defendants deny the remaining allegations of paragraph 10.

4

11. Mr. Theis was hired by the Montgomery Firm and the Cochran Firm simultaneously on or about May 1, 2004. Mr. Theis was told upon his hire that he would become eligible to join the Montgomery Firm's 401(k) Plan after the completion of one year of employment. Furthermore, Mr. Theis was promised that, if the Montgomery Firm showed a profit, it would donate up to 3% of his salary into the 401(k) Plan. Mr. Theis prepared a written summary of these terms at the time as they were offered to him by the Montgomery Firm, and he presented it to Pauline. Pauline orally affirmed that Mr. Theis' summary accurately reflected what he had been told by the Montgomery Firm. "Summary of 5/7/04 Meeting W/Pauline Montgomery" [sic], attached hereto as Exhibit 1.

**Answer:** Defendants admit that Theis was hired by the Montgomery Firm on or about May 3, 2004 and that he was told that he would become eligible to join the James D. Montgomery & Associates Profit Sharing and 401(k) Plan after completion of one year of employment. Defendants deny that remaining allegations of paragraph 11, except Defendants admit that Exhibit 1 was attached to the Complaint and that at some point in time Exhibit 1 was received by Pauline Montgomery.

12. In the weeks leading up to Mr. Theis becoming eligible to join the Montgomery 401(k) Plan, he learned that none of the support staff of the Montgomery Firm participated in its 401(k) Plan. Moreover, none of the support staff had ever been invited to join the Montgomery Firm's 401(k) Plan; only the Firm's attorneys participated in the 401(k) Plan.

**Answer:** Defendants deny each and every allegation of paragraph 12.

13. On May 3, 2005, more than one year after Mr. Theis had started to work for the Montgomery Firm, Mr. Theis delivered an Anniversary Memo to Pauline requesting access to the Montgomery Firm's 401(k) Plan and requesting an annual review.

**Answer:** Defendants admit that on or about May 3, 2005, Theis sent a memo to Pauline Montgomery requesting enrollment in the 401(k) Plan and an annual review as an

employee of the Montgomery Firm. Defendants deny the remaining allegations of paragraph 13.

14. On May 6, 2005, Mr. Theis asked Pauline is there was any paperwork that he needed to sign before he could participate in the 401(k) Plan. Pauline told Mr. Theis, "Keep your pants on." She further told Mr. Theis that he could not join the 401(k) Plan until he had his annual review, which he would receive the following week. This was the first time that Mr. Theis had been told that he would need an annual review before he was permitted to join the 401(k) Plan.

**Answer:** Defendants admit Plaintiff asked to enroll in the 401(k) Plan and was told that Sam Asch would enroll him. Defendants deny the remaining allegations of paragraph 14.

15. Almost two weeks later, on May 16, 2005, Mr. Theis received a paycheck with no deductions taken for his participation in the 401(k) Plan. Mr. Theis again sent Pauline another Memorandum asking for an opportunity to join the 401(k) Plan.

**Answer:** Defendants admit that no deductions were taken from his paycheck in May, 2005 for participation in the James D. Montgomery & Associates Profit Sharing and 401(k) Plan. Defendants deny the remaining allegations of Paragraph 15.

16. On May 18, 2005, Mr. Theis asked for a copy of the Summary Plan Description in writing in another memorandum. May 18, 2005 Memo attached hereto as Exhibit 2. He was never given it. Instead, Mr. Theis was told on that day he would not be allowed to enroll in the 401(k) Plan until his formal evaluation had been completed. Mr. Theis was later told by one of his superiors that he had completed his part of Mr. Theis' formal evaluation and returned the same to Pauline on May 17, 2005.

**Answer:** Defendants deny that Plaintiff was never provided with a copy of the Summary Plan Description. Defendants admit that the May 18, 2005 memorandum was

6

given to Pauline Montgomery at some point in time by Plaintiff. Defendants deny the remaining allegations of paragraph 16.

17. Approximately three weeks later, Mr. Theis was allowed to enroll in the Montgomery Firm's 401(k) Plan. Deduction for Mr. Theis' contribution for the plan began to be taken from his pay on or about June 30, 2005.

**Answer:** Defendants state that Theis enrolled in the James D. Montgomery & Associates Profit Sharing and 401(k) Plan on May 31, 2005 and Defendants admit that the first deduction for the plan occurred in June 2005. Defendants deny the remaining allegations of paragraph 17.

18. For several months, Mr. Theis received no statements concerning his 401(k) account. Concerned, Mr. Theis logged into his 401(k) account through the Internet on November 30, 2005 to review the state of his account. The account only showed a balance of $112.50. This was far less money than Mr. Theis expected to be in his account given that $1,208.38, a sum reflecting several months of contributions, had been deducted from his pay.

**Answer:** Defendants deny each and every allegation of paragraph 18.

19. On November 30, 2005, Mr. Theis spoke to Pauline, the Plan Administrator, about the low balance in his 401(k) account. Pauline orally responded that there was a backlog in contributions, that Mr. Theis would get his money, and that the Montgomery Firm would contribute an additional $50.00 to make up for the delay.

**Answer:** Defendants deny each and every allegation of paragraph 19.

20. On December 30, 2005, the Montgomery Firm made contributions to Mr. Theis' 401(k) fund. Though deductions from Mr. Theis' 401(k) account were regularly taken from his paycheck thereafter, the Montgomery Firm failed to contribute to Mr. Theis' account again until May 2006.

**Answer:** Defendants deny each and every allegation of paragraph 20.

21. When Mr. Theis complained to Pauline about the failure of the Montgomery Firm to regularly submit the amounts that it was deducting from his paycheck to his 401(k) account, Pauline told him that sometimes the Montgomery Firm got backlogged, and that it made contributions when it could.

**Answer:** Defendants deny each and every allegation of paragraph 21.

22. By the end of May 2006, Mr. Theis began to ask Pauline for an informational meeting concerning the Montgomery Firm's 401(k) be held in the near future. Because of this request, and Mr. Theis' other actions as detailed above, he began to be regarded by Pauline and other agents of the Montgomery Firm as an activist regarding the Montgomery Firm's 401(k) Plan.

**Answer:** Defendants deny each and every allegation of paragraph 22.

23. Between May 2006 and March 2007 the Montgomery Firm made untimely and sporadic contributions to Mr. Theis' 401(k) account. The last contribution that the Montgomery Firm made to Mr. Theis' account while he was employed there was March 13, 2007.

**Answer:** Defendants deny each and every allegation of paragraph 23.

24. Mr. Theis never received any reports from his 401(k) Plan informing him about that state of his account. He subsequently learned that those reports were not being sent to him as they should have been, but were instead being sent to and kept by Pauline.

**Answer:** Defendants deny each and every allegation of paragraph 24, except Defendants admit that at some point in time John Hancock, without the knowledge of the Plan Sponsor or the Plan Administrator, stopped sending the reports to the individual participants and began sending the reports to the Plan Administrator only.

25. In May 2007, Mr. Theis made plans to take three days off of work. As he was required to do, Mr. Theis wrote to Pauline, who also served as the office manager, about the dates on which he intended to take off of work. Pauline approved those dates in writing to Mr. Theis. While Mr. Theis was on vacation, Pauline scheduled an impromptu 401(k) meeting for a date during the short time that Mr. Theis would be out of the office.

**Answer:** Defendants admit that Plaintiff requested vacation time off for May 2007 that was approved by Pauline Montgomery, but Defendants deny the remaining allegations of paragraph 25.

26. After Mr. Theis returned to work, he was told by others in the office who were aware of his interest in the Montgomery Firm's 401(k) Plan that Pauline had both scheduled and held a 401(k) meeting while he was on vacation. Mr. Theis confronted Pauline about her scheduling of the meeting at a date and time when she knew that he would be out of the office. Pauline responded that Mr. Theis should be unconcerned because the meeting was only being held to give people an opportunity to sign up for the 401(k) Plan.

**Answer:** Defendants deny each and every allegation of paragraph 26.

27. Mr. Theis subsequently learned that Pauline's assurances about the 401(k) meeting merely being a chance for employees to sign up for the Plan was false. The people present for the meeting had been permitted to ask questions about the Plan, and were told that the Montgomery Firm had, in the past, contributed up to 3% of an employee's salary into his or her 401(k) account in years that the Montgomery Firm was profitable. Upon information and belief, the Montgomery Firm has never contributed this amount to Mr. Theis' 401(k) account despite having very profitable years while he was participating in the 401(k) Plan.

**Answer:** Defendants deny each and every allegation of paragraph 27, except Defendants admit that it has never contributed up to 3% of an employee's salary into his or her 401(k) Plan account on account of the Montgomery Firm's profitability.

### Mr. Theis is Fired Under a Pretext

28. On July 17, 2007 Mr. Theis was very ill. Though Mr. Theis had been given a number of sick days as an employment benefit, and though he still had several sick days available to take, Mr. Theis went into work anyway.

**Answer:** Defendants deny each and every allegation of paragraph 28, except Defendants admit that the Montgomery Firm does provide its employees with a sick day benefit.

29. By late morning, Mr. Theis believed that, because he was sick, he might not be able to work the full day. Since Pauline was not in the office at the time, Mr. Theis explained his situation to the deputy office manager, and reminded her that he had still had sick days available to take. She told Mr. Theis that he could leave work if he needed to.

**Answer:** Defendants deny each and every allegation of paragraph 29, except Defendants admit that Plaintiff stated that he was not feeling well on July 17, 2007.

30. By early afternoon, Mr. Theis felt too sick to keep working. Mr. Theis told the deputy office manager that he was going home to rest and was taking the rest of the day off as a sick day. Now, however, the deputy office manager told Mr. Theis that he could not leave the office, and that if he felt too sick to keep working he should go lay down in one of the Firm's empty offices for a while. The deputy office manager never identified anything that had changed to account for why she initially told him that he could go home sick, and her subsequent decision that he could not leave. Upon information and belief, the deputy manager's initial decision to let Mr. Theis take a sick day was the result of her own judgment in assessing the situation, while her subsequent decision not to let Mr. Theis leave was the result of being subsequently told by others in the Montgomery Firm not to let Mr. Theis leave. Upon further information and belief, the motivation to not allow Mr. Theis to leave was to foment an incident that could serve as a pretext for Mr. Theis' dismissal – a dismissal that was really inspired by his activism concerning his 401(k) account rights.

**Answer:** Defendants deny each and every allegation of paragraph 30.

31. After attempting to keep working, Mr. Theis concluded that he was too sick to continue. He informed the office staff that he was taking a sick day, following the appropriate procedure for doing so, and he went home.

**Answer:** Defendants deny each and every allegation of paragraph 31.

32. The next day, the Montgomery Firm and the Cochran Firm fired Mr. Theis for "insubordination" for taking a sick day when he had been told to stay at the office and work when ill. This proffered reason was not the real reason the Mr. Theis was fired. Rather it was a pretext that the Montgomery Firm and Cochran Form used to retaliate against Mr. Theis for advancing his rights under ERISA.

**Answer:** Defendants admit that Theis was terminated on or about July 17, 2007 by the Montgomery Firm, but deny that remaining allegations of paragraph 32.

33. Two days after Mr. Theis was fired, the Montgomery Firm made another untimely bulk contribution to Mr. Theis' 401(k) account.

**Answer:** Defendants deny each and every allegation of paragraph 33.

**COUNT I**
**Benefits Claim**
**29 U.S.C. §1132(a)(1)(B)**
(Against James D. Montgomery & Associates, Ltd., James D. Montgomery & Associates 401(k) Plan, James D. Montgomery & Associates Profit Sharing Plan)

34. Plaintiff Kevin Theis realleges and incorporates by reference paragraphs 1 through 33 of his Complaint against the Defendants James D. Montgomery & Associates, Ltd., James D. Montgomery & Associates 401(k) Plan, James D. Montgomery &

11

Associates Profit Sharing Plan (hereinafter collectively "Defendants" in Count I only) as if fully restated herein.

**Answer:** Defendants the Montgomery Firm and the James D. Montgomery & Associates Profit Sharing and 401(k) Plan (collectively "Defendants" in Count I only) incorporate by reference their answers to paragraph 1 through 33 of the Complaint as if fully stated herein.

35. The pertinent Code of Federal Regulations provides in relevant part that amounts withheld from Mr. Theis' paychecks for contribution into his 401(k) Plan account must be contributed to the Plan on the earliest date on which such contributions can reasonably be segregated from the employer's general assets, but in no event more than fifteen business days of the month in which Mr. Theis' contribution to the 401(k) Plan would have otherwise been payable to him in cash. 29 CFR §2510.3-102(a) and (b)(1).

**Answer:** Paragraph 35 sets forth a legal conclusion to which no answer is required.

36. As noted above, Defendants failed to contribute in a timely manner to the 401(k) Plan all amounts that they had deducted from Mr. Theis' pay for that purpose. Upon information and belied, Defendants retained these sums for such excessive amounts of time to maximize the interest accruing to themselves.

**Answer:** Defendants the Montgomery Firm and the James D. Montgomery & Associates Profit Sharing and 401(k) Plan deny the allegations of paragraph 36, except Defendants admit that there were inadvertent delays in transferring money from employees' pay to the Plan.

37. By reason of the conduct described above, Defendants failed to provide Mr. Theis with all of the benefits and earnings to which he was entitled to under the Plan.

**Answer:** Defendants deny each and every allegation of paragraph 37.

38. By reason of the foregoing, Mr. Theis has been and continues to be damaged in that he has failed to receive the full benefit of the contributions taken from his pay to be applied to his 401(k) account. Specifically, he has lost most of the earnings for the amount of money that he would have received. Furthermore, while Defendants have made some of the contributions to the 401(k) Fund which they were in arrears on, they still have not paid into Mr. Theis' 401(k) Fund all of the amounts which Mr. Theis is owed.

**Answer:** Defendants deny each and every allegation of paragraph 38.

39. James D. Montgomery & Associates, Ltd. is a proper Defendant here because the unity of both interest and management between the Montgomery Firm and the Plans which it sponsors is so great that there is no material difference between them.

**Answer:** Defendants deny each and every allegation of paragraph 39.

40. The Montgomery Firm sponsors two ERISA plans: the James D. Montgomery & Associates 401(k) Plan and the James D. Montgomery & Associates Profit Sharing Plan. Through the intentional actions of these three Defendants, including but not limited to improperly refusing to give Mr. Theis access to the Summary Plan Description and forwarding information about his account away from him and to Pauline, Mr. Theis has no way of knowing which of these two plans (or perhaps both of them) is the ERISA Plan responsible for his 401(k) account. Because this confusion is the result of the intentional and calculated acts of these three Defendants, all three are appropriate Defendants in this matter.

**Answer:** Defendants deny each and every allegation of paragraph 40.

41. Mr. Theis was not required to appeal his loss of benefits. Any such appeal would have been futile. Any such appeal undertaken by Mr. Theis concerning contributions to his 401(k) Plan would have been decided by the Plan Administrator, Pauline, who is the same individual who was responsible, in whole or in part, for the improper decisions that he would have appealed. Furthermore, Mr. Theis lacked

meaningful access to review procedures as he had been improperly denied access to any Plan documents by Pauline and the Defendants. Thus, Mr. Theis had no way of knowing the procedure (if any exists) by which he could appeal the actions complained of here.

**Answer:** Defendants deny each and every allegation of paragraph 41.

42. Because of the actions and inactions of Defendants James D. Montgomery & Associates, Ltd., James D. Montgomery & Associates 401(k) Plan, James D. Montgomery & Associates Profit Sharing Plan, Mr. Theis has suffered in excess of $128,000.00 in losses stemming from the time value of money, the loss of the gain in buying stocks at a date before their value rose, and a failure to have all the amounts that were deducted from his check contributed to his 401(k) account.

**Answer:** Defendants deny each and every allegation of paragraph 42.

43. As a further direct and proximate result of Defendants' retaliatory discharge of Mr. Theis as described above, Mr. Theis has been compelled to retain the services of counsel in an effort to enforce his rights, and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are not yet known. Therefore, Mr. Theis requests that attorney's fees and costs be awarded to him pursuant to 29 U.S.C. §1132(g)(1).
Wherefore, Plaintiff Kevin Theis requests the Court to declare that he is entitled:
  a. Pursuant to section 502(a) of ERISA, 29 U.S.C. §1132(a)(1)(B), to recover benefits due to him under the terms of the Plan;
  b. Pursuant to section 502(a) of ERISA, 29 U.S.C. §1132(a)(1)(B), to enforcement of his rights under the terms of the Plan;
  c. To his attorneys' fees and costs in pursuing this action;
  d. To prejudgment interest; and
  e. To such other and further relief as this Court deems just.

**Answer:** Defendants deny each and every allegation of paragraph 43.

**COUNT II**
**Failure to Provide Plaintiff the Summary Plan**
**Description in Response to a Written Request**
**29 U.S.C.§1132(c)**
(against Pauline Montgomery)

34. Plaintiff Kevin Theis realleges and incorporates by reference paragraphs 1 through 33 of his Complaint against Defendant Pauline Montgomery as if fully restated herein.

**Answer:** Defendant Pauline Montgomery incorporates by reference answers to paragraphs 1 through 33 of the Complaint as if fully restated herein.

35. Defendant Pauline Montgomery, at all times relevant hereto, was and is the Administrator of the Plans. Therefore, she is a fiduciary, as that term is defined in 29 U.S.C. §1102(21), of the 401(k) Plan in which Mr. Theis participates.

**Answer:** Defendant admits the allegation of paragraph 35.

36. Mr. Theis made a written request to Pauline for Summary Plan Description on May 18, 2005. Mr. Theis subsequently followed up this request with an oral request for the Summary Plan Description in May 2006, and with an additional written request on July 23, 2007 through his counsel. Pauline failed to provide the requested document in response to any of the requests, and Mr. Theis still has never received or seen a copy of this document.

**Answer:** Defendant Montgomery admits that at some point in time she received the May 18, 2005 memo by Plaintiff. Defendant Montgomery denies the remaining allegations of paragraph 36.

37. Pauline's refusal to present a copy of the Summary Plan Description to Mr. Theis was intended to prevent Mr. Theis from knowing his rights under the 401(k) Plan in which he participated, or from even knowing in which Montgomery Firm sponsored Plan he was participating. In so doing, Pauline intended to hinder Mr. Theis in any attempt to vindicate his ERISA rights. Accordingly, Pauline actively concealed the benefit plan from Mr. Theis, and thus her actions constituted bad faith.

**Answer:** Defendant Montgomery denies each and every allegation of paragraph 37.

38. As a further direct and proximate result of Pauline's refusal to present a copy of the 401(k) Plan documents as describe above, Mr. Theis has been compelled to retain the services of counsel to enforce his rights, and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which ate not yet known. Therefore, Mr. Theis requests the attorney's fees and costs be awarded to him pursuant to 29 U.S.C. §1132(g)(1).

Wherefore, Plaintiff Kevin Theis request the Court to declare that he is entitled:
- a. To in excess of $80,000.00 in fines paid by Pauline Montgomery pursuant to §1132(c)(1).
- b. To his attorneys' fees and costs in pursuing this action;
- c. To prejudgment interest; and
- d. To such other and further relief as this Court deems just.

**Answer:** Defendant Montgomery denies each and every allegation of paragraph 38.

# COUNT III
### Interference With Protected Rights: Retaliatory Firing
### 29 U.S.C. §1140
(against James D. Montgomery & Associates, Ltd. and
Cochran, Cherry, Givens, Smith & Montgomery, P.C.)

34. Plaintiff Kevin Theis realleges and incorporates by reference paragraphs 1 through 33 of his Complaint against Defendants James D. Montgomery & Associates, Ltd. and Cochran, Cherry, Givens, Smith & Montgomery, P.C. (in Count III only, hereinafter collectively "Defendants").

**Answer:** Defendants the Montgomery Firm and the Cochran Firm hereby incorporate by reference their answers to paragraphs 1 through 35 of the Complaint as if fully set forth herein (in Count III only, hereinafter collectively "Defendants").

35. Mr. Theis is a participant, as that term is defined in 29 U.S.C. §1002(7), in either the James D. Montgomery & Associates 401(k) Plan or the James D. Montgomery & Associates Profit Sharing Plan, or both of them. As such, Mr. Theis belongs to a protected class of individuals who cannot be retaliated against by his employers for exercising or seeking to exercise his rights under ERISA.

16

**Answer:** Paragraph 35 states conclusions of law to which no response is required.

36. Mr. Theis was qualified for the job position that he held with Defendants in that he held with Defendants in that he was hired for that job by Defendants, and retained that job for years with Defendants' approval.

**Answer:** Defendants deny each and every allegation of Paragraph 36 except Defendants admit that Theis was hired by the Montgomery Firm and Theis worked for the Montgomery Firm for approximately three (3) years.

37. Mr. Theis was discharged under circumstances that provide a basis to believe that he was fired from his employment with Defendants because they sought to retaliate against him for his attempts to exercise his rights under ERISA including, *inter alia,* repeatedly asking that the Montgomery Firm make contributions to his 401(k) account in a timely fashion, asking Pauline for the Summary Plan Description, and asking for an informational meeting be held concerning the 401(k) Plan. The circumstances include, but are not limited to, an awareness by both management of the Defendants and Pauline about Mr. Theis' concern about these issues concerning his 401(k) account, and the pretextual nature of Mr. Theis' firing from Defendants' employment. Specifically, Defendants told Mr. Theis that he was fired for leaving the office while too sick to work, though he had sick time accumulated which he is entitled to use for that purpose, and though he had initially been told by the deputy office manager that he would be able to go home if he became too sick to continue working.

**Answer:** Defendants deny each and every allegation of Paragraph 37.

38. As a direct and proximate result of Defendants' actions in terminating Mr. Theis, Mr. Theis has suffered and will continue to suffer damages, including but not limited to, lost wages, lost benefits, loss of advancement opportunity, and loss of other compensation.

**Answer:** Defendants deny each and every allegation of Paragraph 38.

39. As a further direct and proximate result of Defendants' retaliatory discharge of Mr. Theis as described above, Mr. Theis has been compelled to retain the

services of counsel in an effort to enforce his rights, and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are not yet known. Therefore, Mr. Theis requests that attorney's fees and costs be awarded to him pursuant to 29 U.S.C. §1132(g)(1).

**Answer:** Defendants deny each and every allegation of Paragraph 39.

## DEFENDANTS' AFFIRMATIVE DEFENSE

### First Affirmative Defense

In a suit for ERISA benefits, the plaintiff is limited to a suit against the Plan. Thus, the Defendant employer is not the proper party to be sued in this action. As such, any claims against it are barred. 29 U.S.C. § 1132(d).

### Second Affirmative Defense

Plaintiff has failed to exhaust his administrative remedies.

## JURY TRIAL

Defendants demand a trial by jury for all the issues so triable.

Dated: October 26, 2007

Respectfully submitted,

James D. Montgomery & Associates, Ltd., James D. Montgomery & Associates 401(k) Plan, James D. Montgomery & Associates Profit Sharing Plan, Pauline Montgomery and Cochran, Cherry, Givens, Smith & Montgomery, LLC.

By: s/Linzey D. Jones
One of Their Attorneys

Walter Jones, Jr., Esq (ARDC 1365665)
Linzey D. Jones, Esq. (ARDC 6183113)
Mark D. Andrews, Esq. (ARDC 6242430)
Pugh, Jones, Johnson and Quandt, P.C.
180 North LaSalle Street, Suite 3400
Chicago, Illinois 60601
Telephone: (312) 768-7800
Facsimile: (312) 768-7801
Email: wjones@pjjq.com
       ljones@pjjq.com
       mandrews@pjjq.com

# CERTIFICATE OF SERVICE

I, Linzey D. Jones, an attorney, certify that I shall cause to be served a copy of **Defendants' Answer to Complaint** upon the following individual(s), by deposit in the U.S. mail box at 180 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, same-day personal delivery by messenger, Federal Express overnight delivery, facsimile transmitted from (312) 768-7801, or Electronic Case Filing ("ECF"), as indicated below, on October 26, 2007 before 5:00 p.m.

|  |  |
|---|---|
|  | *Attorneys for Plaintiff* |
| X  ECF | Peter Katsaros |
| ___ Facsimile/ ___ pages | Hughes, Socol, Piers, Resnick and Dym, Ltd. |
| ___ Federal Express | Three First National Plaza |
| ___ Mail | 70 West Madison Street, Suite 4000 |
| ___ Messenger | Chicago, Illinois 60602-4205 |

s/ Linzey D. Jones
Linzey D. Jones